# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NESTOR C. NEBAB,

    Plaintiff,

v.

BANK OF AMERICA, et al.,

    Defendants.

Case No. 2:10-CV-01865-KJD-PAL

**ORDER**

    Currently before the Court is Defendants Bank of America, (improperly named as Countrywide Home Loans), BAC Home Loans Servicing, LP ("BAC") and ReconTrust Company, N.A.'s ("ReconTrust") Motion to Dismiss (#6) filed November 1, 2010.  Also before the Court is Defendant Fidelity National Title Company's, ("Fidelity National") Motion to Dismiss (#15), filed November 30, 2010.

    On December 1, 2010, the Court issued a Klingele Order (#16) that notified the Plaintiff of the necessity of responding to Defendants' dispositive Motions, and identified what Plaintiff must do to adequately oppose Defendants' Motions.  Despite the Court's warning, to date, Plaintiff has failed to file points and authorities in opposition to either of Defendants' Motions as allowed by Local Rule 7-2.  Local Rule 7-2(d) allows the Court to consider failure to file points and authorities in opposition as consent to the granting of the motion.

    Rather, than filing a responsive pleading, Plaintiff's counsel filed a Motion to Withdraw as Counsel (#12), on November 3, 2010.  The Motion was granted on November 8, 2010, and the Court Ordered Plaintiff to retain new counsel or to file a statement indicating that he will be proceeding pro se on or before December 6, 2010.  The Status Report (#18) filed by Defendants on December 13, 2010, stated that Defendants had provided the Joint Status Report to Plaintiff for his review and approval but that said Joint Status Report was never returned.  On December 20, 2010, Plaintiff filed

1  a document (#19) indicating that he intends to proceed in this action pro se.  The document however,
2  fails to respond to either of the pending dispositive Motions.[1]
3        The Court has reviewed Defendants' Motions, and finds them to have merit.  Specifically,
4  Bank of America, BAC and ReconTrust's Motion to Dismiss (#6) avers that Plaintiff's fraud in the
5  inducement claim fails because Plaintiff himself initiated the actions of which he now complains,
6  and that Plaintiff's request for injunctive relief cannot stand on its own because there is no
7  independent cause of action for injunctive and/or declarative relief.  Fidelity National's Motion to
8  Dismiss (#15) is brought pursuant to Fed. R. Civ. P. 12(b)(2), and disclaims personal jurisdiction
9  because the Complaint "lacks the needed details" to establish jurisdiction over Fidelity National, and
10 "names Fidelity National in the caption only" but not in any of the allegations or prayer for relief.
11 (#15 at 1.)  Because these arguments have merit, and because Plaintiff has failed to respond to said
12 dispositive Motions in spite of the Court's admonition, the Court grants the Defendants' Motions to
13 Dismiss pursuant to Local Rule 7-2(d).
14       Accordingly, **IT IS HEREBY ORDERED** that Bank of America, BAC and ReconTrust's
15 Motion to Dismiss (#6), and Fidelity National's Motion to Dismiss (#15) are **GRANTED**, without
16 prejudice.
17       DATED this 3rd day of February 2011.

_____
Kent J. Dawson
United States District Judge

---

[1] The Document filed December 20, 2010, is entitled as both an "Affidavit" and a "Response to Dkt. Order (sic) Parties to File JT Status Report Entered 12/09/10" and avers that Plaintiff believes his previous counsel "committed errors in [his] complaint and motions" and that he does "not need a lawyer for [court ordered] mediation."  (#19 at 1.)