# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NESTOR C. NEBAB,

    Plaintiff,

v.

BANK OF AMERICA, *et al.*,

    Defendants.

Case No. 2:10-CV-01865-KJD-PAL

**ORDER**

    Before the Court is the Motion to Dismiss (#28) filed by Defendants Bank of America and ReconTrust Company (collectively "Defendants"). Plaintiff filed an Opposition (#34) and Defendants filed a Reply (#35).

I.  Background

    In addition to Defendants Bank of American and ReconTrust Company, Fidelity National Title Company ("Fidelity") and Alliance Law Center were named as defendants in this case. Alliance Law Center was never properly served. In November 2010 Defendants and Fidelity filed a motions to dismiss (## 6, 15). Plaintiff did not file oppositions to these motions. The Court found that the motions had merit and that, pursuant to Local Rule 7-2, Plaintiff's failure to timely file oppositions constituted consent to granting of the motions. On February 3, 2011, the Court issued an Order (#26) granting the motions to dismiss Defendants and Fidelity. The Clerk of Court's office

entered the order on the docket at 1:17 PM on February 3, 2011.  Without leave of the Court, Plaintiff filed an Amended Complaint (#25) which was entered on the docket by the Clerk at 11:14 AM on February 3, 2011, two hours before the Order dismissing Defendants and Fidelity.

II.  Discussion

### A.  Dismissal of the Action

Alliance Law Center was never properly served.  Accordingly, pursuant to Fed. R. Civ. P. 4(m), Alliance Law Center is dismissed from this action without prejudice.

Defendants believe that they have been dismissed from the case.  However, as a result of the timing of the filing of the Amended Complaint, Defendants filed the instant motion to clarify the status of the case.  They also sought to have the lis pendens cancelled.[1]  In his pro se response, Plaintiff acknowledges the dismissal. (Opp. at 4:1.)  Plaintiff claims that the failure to timely file oppositions to the motions to dismiss was the fault of his former attorney and that his case has merit.  Plaintiff's Amended Complaint was filed without leave of the Court and in violation of Fed. R. Civ. P. 15.

Plaintiff is now represented by counsel.  As indicated in the Court's Order, Plaintiff's claims were dismissed without prejudice. (#26 at 2:15-16).  If Plaintiff wishes to pursue his claims, Plaintiff is ordered to file an amended complaint that complies in all respects with the requirements of the Federal Rules of Civil Procedure on or before November 14, 2011.

### B.  Expungement of Lis Pendens

NRS § 14.010 allows a Notice of Pendency or a Lis Pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court. NRS § 14.010(2).  Since all defendants have been dismissed, there is no pending action.  Accordingly, expungement of the lis pendens is appropriate.

---

[1] Defendants' request for cancellation of lis pendens was included in their Motion to Dismiss.  In the District of Nevada, Special Order 109 requires that "[a] separate document must be filed for each  type of document or  purpose."

2

III.  Conclusion

**IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss the Amended Complaint (#28) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Defendant Alliance Law Center is **DISMISSED** pursuant to Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED THAT** Defendants' request for expungement of the lis pendens is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff may file an amended complaint by November 14, 2011.  Failure to do so will result in dismissal of the action without further leave to amend.

DATED this 13th day of October 2011.

_____
Kent J. Dawson
United States District Judge

3