# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NESTOR C. NEBAB,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., *et al*.,<br><br>    Defendants. | Case No. 2:10-CV-01865-KJD-GWF<br><br>**ORDER** |

   Presently before the Court is the Motion to Dismiss (#38) of Defendants Bank of America, N.A., as successor in interest of Countrywide Bank, FSB; Recontrust Company, N.A.; and Fidelity National Title Company. Plaintiff filed an opposition (#39), and Defendants filed a reply (#40). In addition, Plaintiff's bankruptcy attorney filed a Notice of Appearance and Notice of Stay of Bankruptcy (#47) requesting this Court to stay ruling on the Motion to Dismiss. Defendants filed an objection (#48).

## I. Background

On September 21, 2007, Plaintiff refinanced his property at 2075 Cambridge Springs Drive in Henderson Nevada, by executing a note to Countrywide Home Loans for $581,250. On September 24, 2007, the deed of trust was recorded. On February 5, 2010, the trustee initiated foreclosure proceedings by recording a notice of default and election to sell Plaintiff's property. Plaintiff filed his original complaint in this action in state court on August 30, 2010. Defendants removed it to this Court on October 25, 2010, and filed a motion to dismiss on November 1, 2010. The original complaint was dismissed on February 3, 2011, for failure to file an opposition. Plaintiff filed an amended complaint on February 2, 2011, without obtaining leave of the Court. On April 29, 2011, Defendants filed a motion to dismiss the amended complaint which the Court later granted with leave to amend. On November 8, 2011, Plaintiff re-filed his amended complaint, and on November 17, 2011, Defendants filed the present Motion to Dismiss the amended complaint. Since August of 2011, Plaintiff has filed for bankruptcy three times and has received a stay of foreclosure twice. Plaintiff's amended complaint asserts causes of action against Defendants for (1) Wrongful Foreclosure; (2) Breach of Implied Covenant of Good Faith & Fair Dealing; (3) Fraudulent Misrepresentation; (4) Fraudulent Concealment; (5) Unconscionability; (6) Civil Conspiracy to Defraud; (7) Quiet Title to Real Property; (8) Violation of Business & Professional Code (Unlawful Business Practices); (9) Declaratory and Injunctive Relief; and (10) Predatory Lending.

## II. Legal Standards

### A. Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Papasan

2

v. Allain, 478 U.S. 265, 286 (1986)).  In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir.1998) (citation omitted).  Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The plausibility standard is "more than a sheer possibility that a defendant has acted unlawfully," yet less than a "probability requirement."  Id.  The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

B.  Pleading Fraud

Fed. R. Civ. P. 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  As a result, a complaint must provide sufficient facts to give defendants notice of the particular conduct claiming to be fraud, "specify[ing] such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity."  Neubronner v. Milken, 6 F.3d 666, 671–72 (9th Cir. 1993).

C. Pro Se Plaintiff

Plaintiff's amended complaint and Defendants' Motion to Dismiss were filed when Plaintiff was representing himself *pro se*. *Pro se* litigants are not held to the same standard as admitted or bar licensed attorneys. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Pleadings by *pro se* litigants, regardless of deficiencies, should only be judged by function, not form. Id. However, a *pro se* plaintiff is not entirely immune from the rules of civil procedure. Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).

III. Notice of Stay of Bankruptcy

Plaintiff's notice of stay of bankruptcy states that he filed for bankruptcy in the U.S. Bankruptcy Court on February 15, 2012, and that the automatic stay has been in place since that time. Plaintiff argues that because no motion to lift the stay has been filed, this Court should delay ruling on the Motion to Dismiss until the bankruptcy proceedings have been resolved.

11 U.S.C. § 362(a)(3) operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. However, the automatic stay provision in 11 U.S.C. § 362 is inapplicable to suits initiated by the bankrupt party. See In re White, 186 B.R. 700, 704 (9th Cir. 1995). Plaintiff initiated this suit, and the Defendants' Motion to Dismiss is not an act to obtain possession or exercise control over the property. Accordingly, 11 U.S.C. § 362 is inapplicable here and Plaintiff's request to delay ruling on the Motion to Dismiss is denied.

IV. Motion to Dismiss

A. Wrongful Forecosure

Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. See Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983) (reversing summary judgment where there was a dispute of fact about whether

4

nonpayment was appropriate); see also, Haley v. Elegen Home Lending, LP, 2010 WL 1006664, at *1 (D.Nev. 2010) ("[a]n action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract").

Defendants' Motion to Dismiss argues that Plaintiff's Wrongful Foreclosure claim fails because Plaintiff is in default and the action is not ripe. Plaintiff does not dispute that he is in default and he has not alleged a wrongful exercise of the power of sale. Local Rule 7–2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Plaintiff has not filed points and authorities in response as required by LR 7-2(d) and accordingly, the Motion to Dismiss the claim for Wrongful Foreclosure is granted.

B.  Breach of Implied Covenant of Good Faith & Fair Dealing

In Nevada, a party cannot breach the covenant of good faith and fair dealing before a contract is formed. Larson v. Homecomings Fin., LLC, 680 F. Supp. 2d 1230, 1236 (D.Nev. 2009).

Defendants' Motion to Dismiss argues that this claim fails because Plaintiff's allegations relate to pre-contract activities. Plaintiff asserts in his amended complaint that he did not read the loan documents before signing, and that Defendants took advantage of him by failing to prevent him from misrepresenting his income on the loan application. These actions could not have breached the implied covenant of good faith and fair dealing because they relate to pre-contract activities. In addition, Plaintiff consents to granting the Motion to Dismiss by offering no response to Defendants' argument on this matter. See LR 7-2(d). Accordingly, the Motion to Dismiss this claim is granted.

C.  Fraudulent Misrepresentation

Fraud claims are subject to the pleading standards set forth in Fed. R. Civ. P. 9(b). A pleading is sufficient under Rule 9(b) if the allegations of fraud are specific enough to give defendants notice of the particular conduct claiming to be fraud, by "specify[ing] such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." See Neubronner, 6 F.3d at 671–72.

Plaintiff alleges that the loan he obtained on September 21, 2007, had an interest rate of 8.5%, but Countrywide employee Connie Brown told him that he would get a rate better than 7.125%. Defendants' Motion to Dismiss argues that Plaintiff fails to plead with particularity the circumstances constituting fraud as required by Fed. R. Civ. P. 9(b). Plaintiff's amended complaint fails to state the time or date of Connie Brown's alleged fraudulent misrepresentation. Without alleging those facts, Plaintiff has not given Defendants adequate notice of the particular conduct claimed to be fraud. In addition, Plaintiff has consented to the granting of the Motion to Dismiss by failing to provide points and authorities in opposition to Defendants' assertion that fraud has not been plead with sufficient particularity. See LR 7-2(d).

Even if Plaintiff's fraud claim was not subjected to a heightened pleading standard under Fed. R. Civ. P. 9(b), it would still fail. The elements of intentional misrepresentation or common law fraud in Nevada are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. See Bulbman, Inc. v. Nev. Bell, 825 P.2d 588, 592 (Nev.1992). The mere failure to fulfill a promise or perform in the future, however, will not give rise to a fraud claim absent evidence that the promisor had no intention to perform at the time the promise was made. Id.

Here, Plaintiff has failed to state facts sufficient to state a claim for relief that is plausible on its face. First, by alleging that Defendants promised him a rate better than 7.125% prior to signing, Plaintiff has not alleged any false representations about the rate on the loan documents that he did sign. Second, Plaintiff does not allege that Defendants had no intention of giving him a rate better than 7.125%, or that there was insufficient basis for making such a representation. Without more, this allegation is consistent with a mere failure to fulfill a promise and does not plausibly give rise to a fraud claim. Finally, Plaintiff has not alleged justifiable reliance on Defendants' promised rate of

7.125% because he does not allege he was unaware of the 8.5% interest rate before he agreed to sign the loan documents. Accordingly, the Motion to Dismiss this claim is granted.

### D. Fraudulent Concealment

Plaintiff alleges that Defendants deliberately concealed the risks and disadvantages of his loan by failing to inform him that he would be at a very high risk of default based on his true financial situation. Like the fraudulent misrepresentation claim, Plaintiff's amended complaint fails to plead fraud with sufficient particularity as required by Fed. R. Civ. P. 9(b). Plaintiff's failure to state the time, date, or place of the alleged fraudulent activity, does not provide Defendants with adequate notice of the alleged conduct constituting fraud. Accordingly, the Motion to Dismiss this claim is granted.

### E. Unconscionability

A contract is unconscionable only when the clauses of that contract and the circumstances existing at the time of the execution of the contract are so one-sided as to oppress or unfairly surprise an innocent party. Bill Stremmel Motors, Inc. v. IDS Leasing Corp., 89 Nev. 414, 418 (1973). In Nevada, both procedural and substantive unconscionability generally must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable. See Burch v. Second Jud. Dist. Court of State ex rel. County of Washoe, 118 Nev. 438, 443 (2002). A clause is procedurally unconscionable when a party lacks a meaningful opportunity to agree to the clause terms either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily ascertainable upon a review of the contract. D.R. Horton, Inc. v. Green, 120 Nev. 549, 554 (2004). Procedural unconscionability often involves the use of fine print or complicated, incomplete, or misleading language that fails to inform a reasonable person of the contractual language's consequences. Id. Guerra v. Hertz Corp., 504 F. Supp. 2d 1014, 1021 (D.Nev. 2007). Nevada courts permit the enforcement of adhesion contracts where there is plain and clear notification of the terms and an understanding consent, and if it falls within the reasonable expectations of the weaker party. See Burch, 118 Nev. at 442. Substantive unconscionability

focuses on the one-sidedness of the contract terms.  D.R. Horton, Inc. v. Green, 120 Nev. 549, 554 (2004).

Plaintiff alleges that Defendants used their superior bargaining power to convince him that he could not obtain more favorable mortgage terms.  He also asserts that Defendants presented him pre-printed form documents with a "take it or leave it attitude," and that he was required to sign them prior to obtaining the loan.  Plaintiff has not alleged procedural unconscionability because he does not claim the terms of the contract were misleading, incomplete, or that he was uninformed of their content or consequences.  In addition Plaintiff does not allege the terms were outside of his reasonable expectations, or that he did not consent to them.  Finally, Plaintiff has not alleged substantive unconscionability because he fails to identify any specific terms of the contract that are oppressive, unfair, or one-sided.  This claim does not allege the elements of an unconscionable contract and accordingly, the Motion to Dismiss is granted.

F.  Civil Conspiracy to Defraud

In Nevada, "an underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud." Goodwin v. Executive Trustee Serv's, LLC, 680 F. Supp 2d 1244 at 1254 (D.Nev. 2010).

Plaintiff argues that Defendants conspired to defraud him by recording the deed of trust early, and thereby extinguishing his three-day right to rescission.  Plaintiff has not alleged that Defendants falsely represented that the deed of trust would be recorded on a later date.  Additionally, Plaintiff's failure to dispute the allegation that he voluntarily waived his three-day rescission right belies any argument he could have made about justifiable reliance on such a right.  Plaintiff has thus failed to state a claim for conspiracy to defraud because the necessary underlying cause of action for fraud is absent.  Accordingly, the Motion to Dismiss this claim is granted.

G.  Quiet Title to Real Property

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property.  N.R.S. § 40.010.  In a quiet title action, "the burden of proof rests with the

plaintiff to prove good title in himself." Velazquez v. Mortgage Electronic Registration Systems, Inc., slip op., 2011 WL 1599595, at *2 (D.Nev. Apr.27, 2011) (quoting Breliant v. Preferred Equities Corp., 112 Nev. 663, 918 P.2d 314, 318 (Nev.1996)). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." Breliant v. Preferred Equities Corp., 112 Nev. 663, 918 P.2d 314, 318 (Nev.1996) (citing Biasa v. Leavitt, 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985). Additionally, an action to quiet title requires a plaintiff to allege that he has paid any debt owed on the property. See Ferguson v. Avelo Mortgage, LLC., No. B223447, 2011 WL 2139143, at *2 (Cal.App.2d June 1, 2011).

Plaintiff alleges that Defendants have no right to the property because they do not have possession of the original mortgage note that he signed. However, in the amended complaint, Plaintiff concedes that Defendants are the record titleholders. Plaintiff has not alleged that he can prove good title in himself and he does not dispute his failure to pay the debt owed on the property. Plaintiff's complaint has thus failed to adequately state a claim for quiet title and accordingly, the Motion to Dismiss this cause of action is granted.

### H.  Violation of Business & Professional Code (Unlawful Business Practices)

Here, Plaintiff re-states his fraud claims and alleges that the foreclosure proceedings initiated by defendant "constitute unlawful business acts and/or practices within the meaning of Nevada Business and Professions Code." As discussed supra, Plaintiff's fraud claims fail for lack of particularity. In addition, his allegation that Defendants illegally initiated the foreclosure proceedings fails to identify a violation of a specific statute. In Nevada, the power of sale is conferred upon the trustee to be exercised after a breach of the obligation. See N.R.S. § 107.080(1). Plaintiff admits his title to the property was encumbered with a deed of trust and he does not dispute that he is in arrears. This claim amounts to a generalized legal conclusion that fails to state a claim upon which relief can be granted. Accordingly, Defendants' Motion to Dismiss this claim is granted.

I.  Declaratory and Injunctive Relief

Plaintiff seeks various forms of equitable relief in order to prevent a nonjudicial foreclosure sale of his property.  Equitable relief is not a separate cause of action or an independent ground for relief.  See in re Wal-Mart Wage & Hour Employment Practices Litig., 490 F.Supp.2d 1091, 1130 (D.Nev. 2007).  Rather, equitable relief is a remedy that is potentially available given success or a likelihood of success on the merits.  Plaintiff's claim for declaratory relief adds nothing to his complaint that is not already addressed in his other causes of action.  Any form of equitable remedy is inappropriate because each of Plaintiff's claims for relief fail on the merits.  Accordingly, the Motion to Dismiss this claim is granted.

J.  Predatory Lending

Plaintiff states under this cause of action that "Defendant Bank of America as Successor-in-interest of Countrywide Bank, FSB, contains undisclosed fees and fees that are hidden in complicated contract language."  This Court is unable to reasonably infer from those words what Plaintiff is alleging or that Defendants are liable for any misconduct.  In addition, Plaintiff alleges that Defendants violated TILA (Truth in Lending Act), HOEPA (Home Ownership and Equity Protection Act), and the "Nevada Finance Code" (referring to N.R.S. 598D) by approving him for an unaffordable loan without regard to his creditworthiness.  Defendants' Motion to Dismiss argues that the TILA claim fails for lack of tender, and the HOEPA claim fails because Plaintiff's loan was not a high cost loan as required by the statute.  Finally, the "Finance Code" claim fails because it is both time-barred, and because the pre-October 1, 2007 version of the statute applies and Plaintiff's loan is not covered within that version.

Plaintiff's opposition to the Motion to Dismiss does not address Defendants' arguments here regarding TILA, HOEPA, and N.R.S. 598D.  Plaintiff has thus consented to the granting of Defendants' Motion to Dismiss this cause of action by failing to file points and authorities in opposition.  See LR 7-2(d).  Accordingly, the Motion to Dismiss this claim is granted.

V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#38) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Request for Stay (#47) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Defendant.

DATED this 11th day of July 2012.

_____
Kent J. Dawson
United States District Judge